MARÍA RODRIGUEZ Y PUJALS, Complainant,

*v.*

MANUEL ARGUESO Y FLORES ET AL., Dfts.

San Juan, Equity, No. 309.

1. A minor, resident of Porto Rico, whose father, a native of the Spanish Peninsula, registered her name with his as a Spanish subject, within a year following the promulgation of the treaty of peace between Spain and the United States, is a Spanish subject, unless, since coming of age, she has done something to change that status.

2. Her marriage to a Porto Rican after the suit was filed does not affect the jurisdiction of the court. He is a nominal party only.

Opinion filed April 9, 1907.

*Messrs. Hartzell & Rodriguez,* for complainant.

*Herminio Diaz, Esq.,* and *Cayetano Coll, Esq.,* for defendants Mullenhoff & Korber.

*N. B. K. Pettingill, Esq.,* for defendants Manuel Argueso y Flores and wife.

Rodey, Judge, delivered the following opinion:

The court has examined the pleadings in this case with a good deal of care, and is of the opinion that, on the facts stated in the

Rodriguez y Pujals v. Argueso y Flores.

motion for leave to amend her complaint, complainant is entitled to have her motion granted. If she was, as a matter of fact, a minor and a Spaniard at the date of the treaty, and within the year thereafter her father preserved his Spanish citizenship, and, as it is said, also acted for her as his minor child and preserved her Spanish citizenship by registering her name with his, as provided in the treaty, and if she has not done any act since coming of age, and before filing the suit, to change that status, then she was, at the time of the filing of the suit, a Spaniard, and that fact created the necessary diverse citizenship to give jurisdiction to this court.

We understand that, as matter of fact, since the filing of this suit, complainant has married a Mr. Bustelo, who is admitted to be a Porto Rican; but we do not think that can affect the jurisdiction here. The only effect her marriage could have in that behalf, occurring when it did, is, perhaps, to make it necessary to join her husband in the complaint; but, as he would be a nominal party, it would not oust the court of the jurisdiction it had from the start.

Therefore, if counsel shall file a proper affidavit to support the motion in this case, showing the facts set up in the motion as to citizenship and preservation thereof and as to date of the marriage occurring since the institution of this suit, the same will be granted without further action on the part of the court.